United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ALBERTO LOSNO, | No. C 08-1572 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT L. AYERS, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and district of confinement).

**STATEMENT**

In 1981 petitioner pled nolo contendere to second degree murder. He was sentenced to fifteen years to life in prison. This petition is directed to a December 18, 2006, denial of parole by the Board of Parole Hearings. Petitioner alleges that he has exhausted these parole claims by way of state habeas petitions.

///

///

**DISCUSSION**

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B. LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that there was not "some evidence" to support the Board's decision, a violation of due process. This claim is sufficient to require a response. *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

1  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
2  trial record that have been transcribed previously and that are relevant to a determination of the
3  issues presented by the petition.
4       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5  court and serving it on respondent within thirty days of his receipt of the answer.
6       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
7  as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
8  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
9  non-opposition within thirty days of receipt of the motion, and respondent shall file with the
10 court and serve on petitioner a reply within 15 days of receipt of any opposition.
11      4.  Petitioner is reminded that all communications with the court must be served on
12 respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be
13 filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also
14 must keep the court informed of any change of address by filing a separate paper with the clerk
15 headed "Notice of Change of Address," and comply with any orders of the court within the time
16 allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this
17 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*
18 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19 **IT IS SO ORDERED.**
20 Dated: October ___13___, 2008.
21                                     WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\LOSNO1572.OSC.wpd