United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ALBERTO LOSNO,<br><br>    Petitioner,<br><br>  vs.<br><br>S. W. ORNOSKI, Warden,<br><br>    Respondent.<br>_____ /<br>RAFAEL ALBERTO LOSNO,<br><br>    Petitioner,<br><br>  vs.<br><br>ROBERT L. AYERS, Warden,<br><br>    Respondent.<br>_____ / | No. C 05-4259 WHA (PR)<br>No. C 08-1572 WHA (PR)<br><br>**ORDER DENYING PETITIONS FOR A WRIT OF HABEAS CORPUS; DENYING MOTION TO DISMISS PETITIONS**<br><br><br><br><br><br><br><br><br>(Docket Nos. 5, 24) |

**INTRODUCTION**

    These habeas corpus petitions were filed by a state prisoner pursuant to 28 U.S.C. 2254 directed to a decisions in 2004 and 2006 by the California Board of Parole Hearings ("Board") finding petitioner unsuitable for parole. Petitioner argues that the Board's denial of parole in 2004 and 2006 deprived his of due process because, among other things, they were not supported by at least some evidence that he would be a danger to the community if released. In each case, respondent was ordered to show cause why the petition should not be granted, respondent filed an answer denying the petition, along with a supporting memorandum and exhibits, and petitioner filed

a traverse. Additionally, respondent has filed a motion to dismiss both petitions as moot. Petitioner has filed an opposition to respondent's motion, and respondent has filed a reply.

**STATEMENT**

In 1981, petitioner pled guilty to second-degree murder (Pet. 3).[1] He was sentenced to a term of 15 years to life in state prison (*id*. at A-1). The Board found him unsuitable for parole at his seventh parole hearing in 2004, and petitioner filed unsuccessful habeas petitions in all three levels of the California courts challenging the Board's decision (Exhs. 1-6). Thereafter, petitioner filed the first of the two federal petitions addressed in this order (case number C 05-4259 WHA (PR)), in which he challenges the Board's denial of parole in 2004.

In 2006, the Board held petitioner's eight parole hearing, and again found him unsuitable for parole (Exh. 1). Petitioner challenged this decision in habeas petitions in all three levels of the California courts, but these petitions failed (Exhs. 2-6). Thereafter, petitioner filed the second of the two federal petitions addressed in this order (case number C 08-1572 WHA (PR)), in which he challenges the Board's denial of parole in 2006.

While the two instant federal petitions were pending here, the Board held another parole hearing on January 7, 2009, and found petitioner suitable for parole. Thereafter, on June 5, 2009, the Governor of California reversed the Board's decision and denied parole. The two instant federal petitions do not challenge the Governor's denial of parole in June 2009, and petitioner has not filed a federal petition challenging that decision.

**ANALYSIS**

**I.   MOTION TO DISMISS**

Respondent has filed a motion to dismiss both petitions as moot because the Board found petitioner suitable for parole in 2009. Article III, Section 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*

---

[1] Unless otherwise noted, the petition cited herein is the petition filed in Case No. C 05-4259 WHA (PR).

2

1  *v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A habeas challenge to the denial of parole
2  will become moot if the petitioner is released on parole before the court considers his petition.
3  *Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988).  Here, petitioner has
4  not been released on parole because the Governor reversed the Board's grant of parole.
5  Consequently, his petitions are not moot.

6        Respondent argues that the petitions are nevertheless moot because petitioner has already
7  received the relief to which he would be entitled if the petitions were successful.  According to
8  respondent, all petitioner would receive if the petitions were granted would be an another suitability
9  hearing before the Board.  Respondent is incorrect.  Federal habeas courts have "broad discretion in
10 conditioning a judgment granting habeas relief" and "dispos[ing] of habeas corpus matters 'as law
11 and justice require.'"  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  When granting habeas
12 petitions challenging the denial of parole, courts have generally awarded more than simply a new
13 suitability hearing by the parole board, including ordering petitioner's immediate release, *see*, *e.g.*,
14 *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003) (affirming district court's order
15 requiring immediate release after due process violation in parole case); *Sullivan v. Ayers*, No. C 07-
16 4962 VRW (PR), slip op. at 32-33 (N.D. Cal. Nov. 4, 2009) (amended order) (ordering prisoner's
17 immediate release after finding Board's unsuitability finding not supported by at least some
18 evidence), or directing the Board to find petitioner suitable and to calculate and set a release date,
19 *see*, *e.g.*, *Milot v. Haws*, 628 F. Supp. 2d 1152, 1159 (C.D. Cal. 2009) (ordering Board to find
20 petitioner suitable for parole, calculate a term and release date); *Opalec v. Curry*, 556 F. Supp. 2d
21 1036, 1045 (N.D. Cal. 2008) (same).

22       Respondent has not shown or attempted to show why the appropriate remedy here would be
23 simply be a new parole hearing if petitioner were successful in his claims that there was insufficient
24 evidence to deny him parole.  Both state and federal courts have found futility in remanding a parole
25 case for re-review by the parole board after a court sitting in habeas has found the evidence
26 insufficient to sustain an unsuitability finding.  *See, e.g., Blankenship v. Kane*, No. C 04-5450 CW,
27 2007 WL 2214102 at *3-4 (N.D. Cal. July 30, 2007) (relying on *McQuillion* and California cases to
28 conclude a remand to the Governor after already reversing the Governor's decision rejecting the

3

Board's parole grant would be clear error); *In re Burdan*, 169 Cal. App. 4th 18, 29 (2008). Respondent cites only once case in support of his argument, *Benny v. U.S. Parole Comm'n.*, 295 F.3d 977, 984-85 (9th Cir. 2002). This case simply provides generally that a parole board has the discretion to determine parole suitability in the first instance. *Ibid.* Here, the Board indisputably had discretion to determine suitability in the first instance. Unlike the authority cited above, *Benny* does not address the remedy a federal court may provide after granting a habeas petition challenging the denial of parole.

Accordingly, respondent's motion to dismiss the habeas petitions is denied.

## II.   MERITS

### A.   STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision

4

applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the federal habeas court looks to the last reasoned opinion in conducting its analysis under Section 2254(d).  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  Here, the opinions of the California Court of Appeal and the California Supreme Court are summary.  The superior court opinions are the last reasoned opinions to address petitioner's claims, and they are consequently the operative state court decisions for purposes of Section 2254(d).

**B.    CASE NUMBER C 05-4259 WHA (PR)**

**1.    RESPONDENT'S ISSUES**

In order to preserve the issues for appeal, respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence.  Because these contentions are contrary to Ninth Circuit law, they are without merit.  *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d

1123, 1128-29 (9th Cir. 2006) ("some evidence" standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole").

### 2. PETITIONER'S CLAIMS

#### a. DUE PROCESS

Petitioner claims that the Board's decision was arbitrary and capricious, in violation of due process, because it did not adequately consider the evidence of his suitability and instead relied on the unchanging circumstances of his commitment offense.

A parole board's decision satisfies the requirements of due process if "some evidence" supports the decision. *Sass*, 461 F.3d at 1128-29. "To determine whether the some evidence standard is met 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached'" by the parole board. *Id.* at 1128 (quoting *Hill*, 472 U.S. at 455-56). The "some evidence standard is minimal, and assures that 'the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary.'" *Id.* at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the Governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

In several cases the Ninth Circuit has discussed whether the "some evidence" standard can be satisfied by evidence of the nature of the commitment offense and prior offenses. In *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003), the court explained that the some evidence standard may be considered in light of the Board's decisions over time. The court reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors

considered . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Ibid.* Although the *Biggs* court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." *Id.* at 916.

The *Sass* court criticized the decision in *Biggs*: "Under AEDPA it is not our function to speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. *Sass* determined that it is not a due process violation per se if the Board determines parole suitability based solely on the unchanging factors of the commitment offense and prior offenses. *Ibid.* (prisoner's commitment offenses in combination with prior offenses amounted to some evidence to support the Board's denial of parole). However, *Sass* does not dispute the argument in *Biggs* that, over time, a commitment offense may be less probative of a prisoner's current threat to the public safety.

The Ninth Circuit explained that all of the cases in which it previously held that denying parole based solely on the commitment offense comported with due process were ones in which the prisoner had not yet served the minimum years required by the sentence. *Ibid.*. Also, noting that the parole board in *Sass* and *Irons* appeared to give little or no weight to evidence of the prisoner's rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from relevant California statutes." *Ibid.* (citing *Biggs*, 334 F.3d at 917). Even so, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging circumstances would amount to a due process violation.

That is not what happened here, however. In denying petitioner's state petition, the San Mateo County Superior Court held that after an individualized analysis, the Board gave sufficient reasons on the record for denying petitioner's parole (Exh. 2). The Board cited the "cruel and callous

7

manner" that the crime was carried out, specifically that petitioner was among a group of people who beat a 15 year-old boy to death with baseball bats and golf clubs (Exh. 2 at 2; Exh 1 at 9-10, 59-60). The Board also cited the fact that the crime was carried out because members of another gang were yelling at petitioner and members of his gang, a "very trivial motive for the crime in relation to the offense (Exh. 2 at 2; Exh 1 at 59-60). In addition, the Board cited petitioner's unstable social history, including gang affiliation as a teenager and dropping out of high school; his sixteen counseling memoranda, the last one in 2001, and his seven rules violation reports, the last one in 1998, some of which suggested the possibility of petitioner's continued gang affiliation; and the prosecutor's opposition to release on parole (Exh. 1 at 47–50). Petitioner asserts that the 1998 rules violation report was ultimately dismissed (Pet. B-5, B-6), but he does not dispute the existence of the other counseling memoranda and rules violation reports. All these circumstances "tend to indicate unsuitability for parole" under California regulations. 15 Cal. Code Regs. §§ 2402(a)-(c). Although petitioner had participated in education and other programs in prison successfully, had good parole plans, and had a moderately favorable psychiatric report, the Board could reasonably found that these positive factors were outweighed by the factors indicating unsuitability (Exh. 1 at 61-62).

The record of the 2004 parole hearing demonstrates at least "some evidence" that petitioner would pose a risk of harm to society if released and that parole should be denied. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial). Moreover, the Board did not deny parole solely because of the unchanging factor of the nature of petitioner's offense, so the concern expressed in *Biggs*, that after passage of enough time such a factor would cease to amount to "some evidence" on its own, is not triggered here. The state court's rejection of petitioner's due process claim was not contrary to or an unreasonable application of the "some evidence" standard.

### b.   BREACH OF PLEA BARGAIN[2]

Petitioner contends that by denying him parole the Board has breached his plea bargain, because it is in effect treating him as if he had been convicted of first-degree murder. The plea

---

[2] While this claim was not included in the order to show cause, it is addressed here because it appears in the petition.

8

bargain called for a sentence of fifteen years to life, and that is what petitioner received (Pet. 3, B-1). Although plaintiff contends he is being punished as if he had pleaded to first-degree murder, he in fact has been receiving the parole considerations that his fifteen-to-life sentence entitles him. First-degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal. Penal Code § 190(a). If petitioner had been convicted of first-degree murder, the best case scenario would be that he would not have received consideration for parole until much later. Nothing in the plea bargain provided that petitioner would be released on parole at any particular time, only that he would be eligible for parole. To the extent he had a protected expectation that he would be granted parole if he met the regulatory guidelines for parole suitability, for the reasons described above the Board's decision was supported by sufficient evidence that he did not.

This claim is without merit. The state courts' rejection of petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

### C.   CASE NUMBER C 08-1572 WHA (PR)

#### 1.   RESPONDENT'S ISSUES

Respondent raises the same arguments discussed above that there is no due process right to have the denial of parole supported by sufficient evidence. As explained above, these arguments have been rejected by the Ninth Circuit.

#### 2.   PETITIONER'S CLAIMS

##### a.   DUE PROCESS

Petitioner claims that the Board's 2006 denial of parole violated his right to due process because it was not supported by at least "some evidence." As described in greater detail above, due process requires that there be "some evidence," as defined in *Hill*, 472 U.S. at 455-56, that petitioner would present an unreasonable risk of danger to the public if released. *See Sass*, 461 F.3d at 1128-29; *Lawrence*, 44 Cal. 4th at 1205-06.

The San Mateo County Superior Court held that the Board's decision was supported by at least "some evidence" that petitioner was not suitable for parole (Exh. 2 at 4). As in its prior decision in 2004, the Board cited "cruel and callous manner" that the crime was carried out and its very trivial motive (Exh.1 at 119-20). To be sure, these factors were weaker evidence of petitioner's

continuing danger to the public in 2006 than they had been in 2004. *See Biggs*, 334 F.3d at 916-917. This was not the only evidence of petitioner's unsuitability, however. The Board again cited the numerous counseling memoranda and rules violation reports petitioner had received, some of which had indicated petitioner's gang affiliation (Exh. 1 at 121-22). In addition, the Board cited petitioner's incomplete insight and understanding of the impact of his crime, as evidence by a recent psychological report and petitioner's comments at the hearing, and the Board also indicated that the evidence of petitioner's parole plans, while commendable, was less reliable because it had not been updated (Resp. Exh. 1 at 122-26). These circumstances "tend to indicate unsuitability for parole" under California regulations. 15 Cal. Code Regs. 2402(a)-(c). The Board could reasonably find that these factors indicating unsuitability outweighed the positive factors, such as that petitioner's participation in vocational, educational and self-help programs, and the District Attorney's neutral position on petitioner's release (Exh. 1 at 124).

In sum, there remained in 2006 at least "some evidence" that petitioner would pose a risk of harm to society if released, and that parole should be denied. Moreover, as at the 2004 hearing, the concern expressed in *Biggs* is not triggered here because the Board did not deny parole solely because of the unchanging factor of the nature of petitioner's offense. Therefore, the state court's rejection of petitioner's due process claim was not contrary to or an unreasonable application of the "some evidence" standard.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petitions is **DENIED**. The petition for a writ of habeas corpus is **DENIED**.

The clerk shall terminate docket number 5 in case number C 08-1572 WHA (PR), and terminate docket number 24 in case number C 05-4259 WHA (PR).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November  18  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\LOSNO259.RUL.wpd